■ NANCY Ross et al., Appellants, v BENDET PERLE et al., Respondents.—Order of the Supreme Court, New York County (Francis N. Pecora, J.), entered February 26, 1990, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of granting plaintiffs leave to replead so much of the complaint as states a cause of action alleging a pattern or practice of discrimination and, except as so modified, affirmed without costs.

The complaint alleges that defendants discriminated against plaintiffs in providing housing accommodations, brought "frivolous" legal proceedings against them and "practiced discrimination on the basis of race, color and/or national origin". Defendants moved for summary judgment dismissing the complaint, and Supreme Court granted the motion stating, "Plaintiffs have offered no facts whatever to support the allegations of discrimin[a]tory practices." Upon this appeal, plaintiffs seek to reverse the award of summary judgment.

Both the complaint and the pleadings submitted by the respective parties on the motion consist largely of conclusory assertions. This litigation arose out of a landlord-tenant dispute involving several special proceedings commenced in the Housing Part of Civil Court of the City of New York. Plaintiffs seek to have Frazier added to the lease as an additional, named tenant of this rent-stabilized apartment. The landlord, on the other hand, believes that Ross maintains her primary residence at an address in Washington, D.C.

Plaintiffs have failed to demonstrate either that Frazier, a mere occupant of the apartment, has any cognizable claim to tenancy, or that the landlord was not justified in commencing the special proceedings to recover rent or possession of the premises. Plaintiffs have also failed to establish that they have personally been deprived of housing as a result of any act of discrimination alleged to have been committed by the landlord.

Plaintiffs' allegation that the landlord has engaged in a pattern or practice of discrimination is supported only by anecdotal evidence. However, because it appears that there may be some merit to this claim, we grant leave to replead this cause of action. Concur—Milonas, J. P., Ellerin, Ross and Rubin, JJ.